IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02845-BNB

GREGORY D. COSMO CROSBY, also known as
GREGORY D. COSBY, also known as
GREGORY D. CROSBY,

    Applicant,

v.

JOHN OLIVER, FLX-FID @ Florence,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Gregory D. Cosmo Crosby, also known as Gregory D. Cosby and Gregory D. Crosby, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado.  Mr. Crosby, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3).  The § 1915 motion was granted.

    On October 23, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Crosby to show cause within thirty days why the application should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Kansas (District of Kansas), the sentencing court.  On November 13, 2013, Mr. Crosby filed his response to the order to show cause.

    The Court must construe the Mr. Crosby's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Although Mr. Crosby alleges he seeks to transfer records to this Court from his criminal proceedings in Criminal Action No. 09-40049-01-RDR in the District of Kansas, ECF No. 1 at 6-9, he appears to be challenging the validity of his Kansas conviction and sentence. Therefore, Magistrate Judge Boland treated the application as attacking the validity of Mr. Crosby's conviction and sentence.

Mr. Crosby asserts he was convicted by a jury on charges of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and giving false information in violation of 18 U.S.C. § 1038 in the District of Kansas in Criminal Action No. 09-40049-01-RDR. Application at 69; *see also* No. 09-40049-01-RDR, ECF No. 72 at 1. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See, e.g.*, *Wolf v. Suthers*, No. 13-cv-00234-BNB (D. Colo. filed Jan. 30, 2013); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

The district court sentenced Mr. Crosby to 240 months on the attempted-robbery count and 22 months on the false-information count, to run consecutively, for a total of 262 months in prison. Application at 69; *see also* No. 09-40049-01-RDR, ECF No. 72 at 2. On March 23, 2011, Mr. Crosby's conviction and sentence were affirmed by the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). Application at 76; *see also* No. 09-40049-01-RDR, ECF No. 88 (published at *United States v. Crosby*, 416

Fed. App'x 776 (10th Cir. 2011)).

On March 16, 2012, the District of Kansas denied Mr. Crosby's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Application at 66; *see also* No. 09-40049-01-RDR, ECF No. 111.  On June 21, 2012, the Tenth Circuit denied a certificate of appealability and dismissed the appeal.  No. 09-40049-01-RDR, ECF No. 124 (published at *United States v. Crosby*, 468 Fed. App'x 913 (10th Cir. 2012)).  On October 1, 2012, the United States Supreme Court denied certiorari review.  No. 09-40049-01-RDR, ECF No. 126 (published at *Crosby v. United States*, No. 12-5241, 133 S. Ct. 314 (2012)).  On October 22, 2012, Mr. Crosby filed a motion for new trial pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (No. 09-40049-01-RDR, ECF No. 127), which the District of Kansas treated as a second or successive § 2255 action and denied.  Application at 37-48; *see also* No. 09-40049-01-RDR, ECF No. 135 (published at *United States v. Crosby*, No. 09-40049-RDR, 2013 WL 211043 (D. Kan. Jan. 18, 2013)).  On May 30, 2013, the Tenth Circuit affirmed the denial of the § 2255 motion.  Application at 31; *see also* No. 09-40049-01-RDR, ECF No. 143 (published at *United States v. Crosby*, 515 Fed. App'x 771 (10th Cir. 2013)).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*,

323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Crosby bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Crosby's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Crosby fails to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. The fact that Mr. Crosby has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective, *see Bradshaw*, 86 F.3d at 166 (quoting *Williams*, 323 F.2d at 673 ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.")), despite Mr. Crosby's arguments to the contrary in the November 13 response (ECF No. 13) to the

show-cause order. The fact that Mr. Crosby likely is barred from raising his claim in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, the § 2241 application will be denied because Mr. Crosby has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) that Applicant, Gregory D. Cosmo Crosby, filed *pro se* on October 17, 2013, is denied and this action dismissed because Applicant has an adequate and effective remedy in the sentencing court.

DATED November 15, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court